UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**EARTH WIND & FIRE IP, LLC**,

    Plaintiff,

v.

    Case No. 1:23-cv-20884-FAM

**SUBSTANTIAL MUSIC GROUP LLC**
and **STELLAR COMMUNICATIONS, INC.**,

    Defendants.
_____/

**DEFENDANT STELLAR COMMUNICATIONS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, AND DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER §1406 AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendant Stellar Communications, Inc. ("Stellar") respectfully moves to dismiss the Complaint ("Complaint") filed by Plaintiff Earth Wind & Fire IP, LLC ("EWF" or "Plaintiff"), for lack of personal jurisdiction, and submits the following memorandum of law in support thereof. In addition, pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1406(a), Defendant Substantial Music LLC ("Substantial"), along with Stellar (collectively referred to as the "Defendants") respectfully move to dismiss Plaintiff's Complaint for improper venue, or in the alternative, to transfer to the United States District Court for the Northern District of Georgia.

In this Motion, the Defendants seek dismissal of Plaintiff's claims on two (2) primary grounds. First, this Court lacks personal jurisdiction over Stellar. The allegations in Plaintiff's Complaint are insufficient to establish personal jurisdiction over Stellar because the allegations are nothing more than vague and overgeneralized assertions that give no indication as to the extent

or duration of any purported contacts with the forum state. Second, Plaintiff brings its claims against Defendants in an impermissible venue. Plaintiff cannot establish the existence of the continuous or systematic contacts necessary for proper venue within the Southern District of Florida. Accordingly, the Defendants respectfully request that this Court **GRANT** their Motions to Dismiss for lack of personal jurisdiction and/or improper venue, or in the alternative, transfer to the United States District Court for the Northern District of Georgia.

## I.     FACTUAL BACKGROUND

The Defendants are not residents of and may not be found within the Southern District of Florida, as their only offices are home-based offices in Georgia and Indiana. ECF No. 1 ("Complaint") at ¶¶ 3-4; Declaration of Michelle Ferraro ("Ferraro Decl."), ¶ 4.

The Defendants maintain no offices or telephone numbers in Florida and do not own real or personal property in Florida. The Defendants are not qualified to regularly conduct business in Florida. The Defendants also do not own or maintain any accounts with any financial institutions located in the State of Florida. Ferraro Decl., ¶ 5. The Defendants do not pay any taxes, licenses or fees to the State of Florida. They are not registered to do business in the State of Florida and do not hold any professional licenses or registrations issued by the State of Florida. *Id.*, ¶ 6.

Stellar does not direct any advertisements at citizens of the Southern District of Florida or maintain any representative or other employee in the Southern District of Florida.

Substantial has directed advertisements at citizens of the Southern District of Florida, but this activity was limited in nature and solely in connection with a performance that was scheduled but ultimately cancelled and did not occur. *Id.*, ¶ 7.

To the extent the Defendants have transacted any business with residents of the Southern District of Florida, it has been sporadic and not pursuant to any concerted effort to attract business from residents of the Southern District of Florida. *Id.*, ¶ 8.

Stellar certainly has made no efforts to direct its business contacts to the Southern District of Florida. Stellar simply has no links, contacts, or interests in the Southern District of Florida.

Similarly, Substantial's sole attempt to direct its business contacts to the Southern District of Florida was in connection with a cancelled event. Substantial has no links, contacts, or interests in the Southern District of Florida. *Id.*, ¶ 9. Stellar had no involvement in, and thus no contact with, the Southern District of Florida concerning, the development or marketing of the accused event, subsequently cancelled, featuring allegedly infringing use of EARTH WIND & FIRE trademarks and logos.

Substantial created and developed the accused event that was scheduled to take place in the Southern District of Florida but was subsequently cancelled; however, the only Florida event involving Substantial that took place and included allegedly infringing use of EARTH WIND & FIRE trademarks and logos occurred in Pensacola, Florida, which is not located in the Southern District of Florida. *Id.*, ¶ 10.

Defendants were each served with a summons and copy of the Complaint in this matter on March 25, 2023. The Complaint contains scant jurisdictional allegations regarding Defendants. Plaintiff's Complaint names two defendants, Substantial and Stellar. Complaint at ¶¶ 3-4. The section of the Complaint titled "Jurisdiction and Venue" consists of one paragraph alleging subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §1338(a) and the venue under 28 U.S.C. § 1391(b), "in that, *inter alia*, Defendants do business in this District and a substantial portion of the events described in this Complaint took place in this District." *Id.* at ¶ 5. The Complaint acknowledges that Substantial is a Wyoming entity registered to do business in Georgia and Stellar is an Indiana entity. *Id.* at ¶¶ 3-4.

Plaintiff alleges that Substantial "does business throughout the United States, including in the Southern District of Florida, *promoting musical concerts and events*." *Id.* at ¶ 3 (emphasis added). Plaintiff does not allege the type or nature of Stellar's business activities, merely that that "EWF is informed and believes, [Stellar] does business throughout the United States, including in the Southern District of Florida. *Id.* at ¶ 4. Notably absent from the allegations about Stellar is any statement similar to that made as to Substantial, namely "promoting musical concerts and events."

In the Complaint, Plaintiff further alleges in conclusory fashion that Defendants collectively "promoted concerts by its new group throughout the country, including in the Southern District of Florida" and that Defendants infringe Plaintiff's rights "through social media that is viewable throughout the United States, including in the Southern District of Florida." *Id.* at ¶¶ 14 and 18. Plaintiff also generally references Google searches that reveal references to concerts that Defendants (collectively) are allegedly promoting in Ft. Lauderdale, Florida[1], Topeka, Kansas, "other venues," and "many other locations." *Id.* at ¶¶ 17, 19.

II.   **ARGUMENT AND CITATION OF AUTHORITIES**

  **A. This Suit Should Be Dismissed in its Entirety Against Stellar For Lack Of Personal Jurisdiction Pursuant to Rule 12(b)(2)**

  1. <u>Legal Standards</u>.

Plaintiff asserts various claims arising under the Lanham Act. The Lanham Act does not authorize nationwide service of process, so this Court may exercise personal jurisdiction over Stellar only if: (1) there are sufficient jurisdictional facts to bring them within the reach of Florida's Long Arm Statute and (2) minimum contacts exist so that the exercise of personal jurisdiction over him satisfies traditional notions of fair play and substantial justice under the Due Process Clause

---

[1] Notably, on the Civil Cover Sheet filed with the documents initiating this action, Plaintiff identified Miami-Dade as the county where this action arose. Fort Lauderdale, the location of the alleged infringing concert activity, is in Broward, not Miami-Dade. The only connection between this action and Miami-Dade at the time Plaintiff initiated this action was the location of Plaintiff's counsel's office, located at 333 SE 2nd Avenue, Suite 2000, Miami, Florida. ECF 1-1.

of the Fourteenth Amendment. *See* Fed. R. Civ. P. 4(k)(1)(A); *Cable/Home Communication Corp.*, 902 F.2d 829, 855 (11th Cir. 1990); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 290-91 (1980).

Plaintiff bears the initial burden of pleading sufficient facts to establish specific personal jurisdiction over Stellar, a nonresident defendant. *Gammons v. Royal Caribbean Cruises*, 558 F. Supp. 3d 1220, 1227 (S.D. Fla. Sept. 7, 2021) (granting Motion to Dismiss), *citing Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). When the defendant "submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id.*, *quoting Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

In the instant case, Plaintiff has not, and cannot, plead Florida long-arm jurisdiction over Stellar, and Stellar cannot anticipate being haled into a Florida court. Plaintiff's Complaint is entirely silent on the Florida Long-Arm Statute, Fla. Stat. § 48.193 and, as detailed herein, Plaintiff's jurisdictional allegations against Stellar do not establish a means by which this Court can properly exercise personal jurisdiction over Stellar. This Court should accordingly dismiss Stellar because the exercise of personal jurisdiction in this matter would violate its due process rights.

The reach of the Florida Long-Arm Statute is a question of Florida law, which federal courts are required to construe as the Florida Supreme Court would. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (citations omitted). Florida courts strictly construe the statute. *Id.* at 626-27. Further, the due process requirement is more restrictive than Florida's Long-Arm Statute. *Execu-Tech Business Systems, Inc. v. New Oji Paper Co., Ltd.*, 752 So.2d 582,

584 (Fla. 2000). To satisfy due process. Plaintiff must establish through competent evidence that Stellar "purposefully avail[ed] itself of the privilege of conducting activities within [Florida], thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person." *Id.* (internal quotation marks and citations omitted).

> Florida's Long-Arm Statute, Fla. Stat. § 48.193, provides in relevant part as follows:
>
> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts: (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state
> . . .
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Under the long-arm statute, two types of personal jurisdiction are available: (1) specific jurisdiction under Fla. Stat. § 48.193(1), which is available when a party's contacts with the forum relate to the cause of action; and (2) general jurisdiction under Fla. Stat. § 48.193(2), which is available when a party's contacts are unrelated to the litigation but are nonetheless "continuous and systemic," such as owning property, running a business, or maintaining a bank account.

The plaintiff always bears the burden of establishing a *prima facie* case, that is, enough evidence to withstand a motion for directed verdict, over each defendant it sues. *U.S. Sec. & Exch. Commission v. Carillo*, 115 F.3d 1540, 1542 (11th Cir. 1997). If the allegations in the complaint fail to establish a *prima facie* case of personal jurisdiction, or if they are controverted by the defendant's evidence, the burden shifts back to the plaintiff to prove "by affidavit the basis upon

6

which jurisdiction may be obtained." *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla. 1989).

In the instant case, Plaintiff alleges neither specific nor general jurisdiction under the Florida Long-Arm Statute. In fact, the Complaint is silent on long-arm jurisdiction and the only jurisdictional allegation specifically directed at Stellar alleges that "EWF is informed and believes [that Stellar] does business throughout the United States, including in the Southern District of Florida." Complaint at ¶ 4. Having failed to plead a basis or any facts establishing jurisdiction, the Complaint is legally deficient and should be summarily dismissed on this basis as to Stellar. *See Milligan Electric Co. v. Hudson Construction Co.*, 886 F. Supp. 845, 848-49 (N.D. Fla. 1995) (dismissal of complaint follows where allegations of the complaint are insufficient to assert personal jurisdiction under Florida's Long-Arm Statute). Although Plaintiff's failure to plead jurisdictional facts is a fatal defect, this motion also addresses the absence of both general and specific jurisdiction, as well as constitutional due process.

    2. <u>*The Court Does Not Have General Jurisdiction Pursuant to §48.193(2)*</u>.

Under general jurisdiction, a defendant whose contacts with a state are "substantial" or "continuous and systemic" may be haled into any court in the state in any action, even if the action is unrelated to those contacts. *See* Fla. Stat. § 48.193(2); *Helocopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). The standard for establishing general jurisdiction is high. *Trs. Of Columbia Univ. v. Ocean World, S.A.*, 12 So.3d 788, 792 (Fla. 4th DCA 2009).

In the Complaint, Plaintiff alleges that "Defendants do business in this District," "a substantial portion of the events described in this Complaint took place in this District," Defendants promoted concerts by its new group throughout the country, including in the Southern District of Florida," "Defendants presently use [a logo] . . . in promotional materials for shows Defendants currently promote in Topeka, Kansas, Ft. Lauderdale, Florida, and other venues …,"

"social media that is viewable throughout the United States, including in the Southern District of Florida." Complaint at ¶¶ 5, 14, 17, 18. Importantly, the only party alleged by Plaintiff to be in the business of "promoting musical concerts and events" is Substantial, not Stellar. *Id.* at ¶¶ 3-4. None of these allegations support a conclusion that this Court has general personal jurisdiction over Stellar, which has no offices, property, bank accounts, or other contacts with the State of Florida. Ferraro Decl., ¶¶ 5-6.

        3.   <u>*The Court Also Does Not Have Specific Jurisdiction Pursuant to §48.193(1)(a)*</u>.

A nonresident defendant may be subject to "specific" personal jurisdiction under subsection 48.193(1) if the person commits any of the acts enumerated in the subsection within Florida and the cause of action arose from the act. *Zapata v. Royal Caribbean Cruises, Ltd.*, 2013 U.S. Dist. LEXIS 36030, *9 (S.D. Fla. Mar. 15, 2013), *citing Farrell v. Royal Caribbean Cruises, Ltd.*, 11-24399-CV, 2013 U.S. Dist. LEXIS 8137, 2013 WL 178367, at *3 (S.D. Fla. Jan. 4, 2013) (citing *NHB Advisors, Inc. v. Czyzyk*, 95 So. 3d 444, 448 (Fla. Dist. Ct. App. 2012)). To the extent a plaintiff relies on Section 48.193(1), it must show that there is a nexus between the alleged tort and the defendant's activities in Florida. In the instant case, the claimed Lanham Act torts all relate to allegations pertaining to the promotion of musical concerts and events, including one in Fort Lauderdale, Florida. Complaint at ¶¶ 3, 14, 17-19. However, the only Defendant alleged to be in the business of promoting musical concerts and events is Substantial. *Id.*, ¶¶ 3-4. Furthermore, Stellar's President's sworn testimony includes a statement that "Stellar had no involvement in, and thus no contact with, the Southern District of Florida concerning, the development or marketing of the accused event, subsequently cancelled, featuring allegedly infringing use of EARTH WIND & FIRE trademarks and logos." Ferraro Decl., ¶ 10. Accordingly, Plaintiff cannot establish that the Court can properly exercise specific personal jurisdiction over Stellar.

> 4. *Plaintiff Failed to Allege Minimum Contacts Between Stellar and Florida Sufficient to Satisfy Constitutional Due Process Requirements*

Notwithstanding that Plaintiff has not alleged facts sufficient to support the Court's exercise of personal jurisdiction over Stellar under the Florida Long-Arm Statute, the exercise of personal jurisdiction over Stellar will not comport with constitutional due process requirements.

The Supreme Court has set the contours of the minimum contacts of a defendant with a forum state necessary to satisfy due process.

> Due process requirements are satisfied when in personam jurisdiction is asserted over a nonresident corporate defendant that has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). When a controversy is related to or "arises out of" a defendant's contacts with the forum, the Court has said that a "relationship among the defendant, the forum, and the litigation" is the essential foundation of in personam jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977).
>
> *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). This type of jurisdiction is referred to as specific jurisdiction. Stated another way, to satisfy the minimum contacts requirement for purposes of personal jurisdiction a defendant's contacts (1) must be related to the plaintiff's cause of action or have given rise to it, (2) must involve some act by which the defendant has purposefully availed itself of the privilege of conducting activities within the forum, and (3) the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 631 (11th Cir. 1996) *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980).

*Corporacion Aero Angeles, S.A. v. Fernandez*, 69 So. 3d 295, 299, 2011 (Fla. 4th DCA 2011). Here, Plaintiff generally alleges that the collective "Defendants" committed tortious conduct in Florida by allegedly infringing Plaintiff's trademark rights, but Plaintiff identified no specific tortious acts with respect to Stellar. This is a significant and fatal omission because the term "personally" as used to establish specific jurisdiction under the Long-Arm Statute, Fla. Stat. § 48.193(1)(a) must be given its ordinary meaning. *See Doe v. Thompson*, 620 So.2d 1004, 1005

(1993) (personally means: "In person; without the intervention of another.") (quoting *The American Heritage Dictionary* 926 (2d College ed. 1985)). As detailed above, the only party that Plaintiff alleges is involved in the promotion of musical concerts and events is Substantial, and the only tortious acts alleged to have been committed relate to the promotion of musical concerts and events. Based on these allegations, none of the three criteria for minimum contacts has been satisfied and Defendants respectfully submit that the Court should **GRANT** Stellar's Motion to Dismiss under Rule 12(b)(2).

### B. Dismissal of This Suit Pursuant to Rule 12(b)(3) is Appropriate Because Venue in the Southern District of Florida is Improper.

Pursuant to 28 U.S.C. §1391(b), the statute identified in the Complaint, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

When a defendant moves to dismiss a complaint on the basis of venue, the plaintiff bears the burden of demonstrating that the chosen venue is proper. *Kuehne v. FSM Capital Mgmt., LLC*, 2013 U.S. Dist. LEXIS 60672, at *2 (S.D. Fla. Apr. 29, 2013).

If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to transfer or dismiss is within the Court's discretion. *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982); *Brownsberger v. Nextera Energy, Inc.*, 436 F. App'x 953, at *1 (11th Cir. Aug. 5, 2011). In evaluating a motion to dismiss for improper venue without a hearing, the Court determines whether Plaintiff has made "only a prima facie showing of venue." *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840

F.2d 843, 845 (11th Cir. 1988). Further, "[t]he facts as alleged in the complaint are taken as true, to the extent they are uncontroverted by defendants' affidavits." *Id.*; *see also Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Finally, in analyzing the propriety of venue under Section 1391(b)(2), the Eleventh Circuit has stated that "only the events that directly give rise to a claim are relevant" and that "of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). In conducting this analysis, "the proper focus of the venue inquiry is on the relevant activities of the Defendants." *Hemispherx Biopharma, Inc. v. Mid-South Capital, Inc.*, 669 F. Supp. 2d 1353, 1357 (S.D. Fla. 2009).

In the instant case, as a threshold matter, venue is improper in the Southern District of Florida, a judicial district where Stellar is not subject to personal jurisdiction. *See Ellis v. Great Southwestern Corp.*, 646 F. 2d 1099, 1106-07 (5th Cir. 1981)[2]; *see also Miot v. Kechijian*, 830 F. Supp. 1460, 1466 (S.D. Fla. 1993) (a proper venue is a judicial district where <u>all</u> the defendants would be subject to personal jurisdiction).

As for an application of the venue statute to both Defendants, Plaintiff alleges that "a substantial portion of the events described in this Complaint took place in this District," an allegation that appears to implicate Section 1391(b)(2). The events described in the Complaint

---

[2] Decisions from the Fifth Circuit handed down before September 30, 1981 shall be binding as precedent in the Eleventh Circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

relate to the promotion of musical concerts and events, including a single alleged Fort Lauderdale, Florida concert. Complaint at ¶¶ 17 and 19. As set forth above, Stellar had no involvement or role in the Fort Lauderdale event. Ferraro Decl., ¶ 10. Plaintiff's allegations also reference musical concerts and events in Topeka, Kansas and other venues outside this District. Complaint, ¶¶ 17 ("other venues"), 18, and 19 ("many other locations"), calling into question Plaintiff's allegation that a "**substantial** portion of the events described in this Complaint took place in this District." Complaint, ¶ 5 (emphasis added).

Only one single event, the Fort Lauderdale concert, is alleged to have occurred in this District, while Plaintiff references other events giving rise to its claims in (1) Topeka, Kansas, (2) "other venues", and (3) "many other locations," none of which are in the Southern District of Florida. Thus, a "substantial portion" of the events complained of did not arise in the Southern District of Florida and venue is improper under Section 1391(b)(2). *See Silver v. Karp*, 2014 U.S. Dist. LEXIS 119462, at *7-8 (S.D. Fla. Aug. 27, 2014), *citing Jenkins Brick*, 321 F.3d at 1371; *Lynch v. Bailey-Roka*, 2023 U.S. Dist. LEXIS 65034, at *18 (S.D. Fla. April 13, 2023) ("To be sure, portions of the fact pattern took place in Florida, but the Court finds these portions ancillary and not 'substantial' as required by § 1391(b)(2)"). Additionally, Plaintiff relies on activities related to Defendants' online presence in support of its Complaint, including an allegation that "Defendants continue to more directly infringe Plaintiff's trademark rights through social media that is viewable throughout the United States, including in the Southern District of Florida." Complaint, ¶ 18. Plaintiff also alleges that videos posted on Facebook and YouTube pages, along with Google and Internet ticketing agency search engines further evidence Defendants' allegedly infringing activities. *Id.*, ¶¶ 18-19. However, these online activities do not support a finding that venue is proper in the Southern District of Florida:

Focusing on the relevant activities of Defendant, the events that give rise to this claim are that (i) Defendant owns the Hotel located in Camden County, Georgia; (ii) Defendant implemented and operates websites to allow potential guests to book reservations at the Hotel through its online reservations system; and (iii) the websites do not describe the accessibility features of the Hotel or the guest rooms. These events occurred in the Southern District of Georgia. Plaintiff does not claim that Defendant did anything in the Southern District of Florida, other than implemented and operated websites that could be accessed there.

The Court finds these facts highly analogous to a recent case in a sister court within the Southern District of Florida, which the Court recognizes is not binding authority. In *Poschmann v. Ponte Vedra Corp.*, the court applied the analytical framework outlined in *Jenkins Brick* and looked only at the activities of the defendant, who owned and operated a hotel and a reservation website. No. 18-14321-CV-MIDDLEBROOKS, 2018 U.S. Dist. LEXIS 217469, 2018 WL 7890201 (S.D. Fla. Dec. 27, 2018), at *1-2. In dismissing the complaint based on improper venue, the court determined that the defendant conducted all activities in the Middle District of Florida and the mere fact that they owned and operated a website that could be accessed in the Southern District of Florida did not make venue proper there. 2018 U.S. Dist. LEXIS 217469, [WL] at *2. In addition, the court expressed its concerns about the "far-reaching implications" of the plaintiff's argument:

> If Plaintiff were right that the simple act of accessing Defendants' websites is sufficient to confer venue, Plaintiff would be able to establish venue in his home district over any hotel in the country that maintains a website that can be accessed by Plaintiff and that violates these regulations under the ADA. Such a rule would drastically widen the scope of the current venue statute, and I do not adopt an interpretation of that statute that would produce such far-reaching results.

2018 U.S. Dist. LEXIS 217469, [WL] at *3.

*Kennedy v. Gope Hotel Enters.*, 2019 U.S. Dist. LEXIS 89870, *9-11 (S.D. Fla. May 28, 2019). Plaintiff cannot establish that a "substantial" portion of Defendants' alleged wrongdoing occurred in the Southern District.

Consequently, venue is improper in the Southern District of Florida, as (a) the Court cannot maintain personal jurisdiction over Stellar and (b) a "substantial" portion of the events giving rise to Plaintiff's allegations did not occur in the Southern District of Florida. Accordingly, Defendants respectfully request that the Court **GRANT** their Motion to Dismiss for Improper Venue.

### C. As an Alternative, Defendants Submit that this Action Should be Transferred to the Northern District of Georgia, a Proper Venue.

Finally, as an alternative to dismissing this action for improper venue, the Defendants respectfully seek transfer to the United States District Court for the Northern District of Georgia, where both Defendants reside and the Court may properly assert personal jurisdiction over them in a proper venue. 28 U.S.C. § 1391(b)(1).

> In this case, venue is not proper in the Southern District of Florida under any part of 28 U.S.C. § 1391(b) because (1) there is no personal jurisdiction over at least one Defendant in this forum and (2) there is no credible evidence to suggest that this is the location where a substantial portion of the events took place. As such, "a court lacking personal jurisdiction may transfer [a] case under either [§] 1404(a) or [§] 1406(a)." *Roofing & Sheet Metal Services,* 689 F.2d at 992 n.16 (11th Cir. 1982) (citations omitted); *see also Goldlawr, Inc.*, 369 U.S. at 464-467 (where venue was improperly laid as to two of the defendants and the court could not assert personal jurisdiction over them, the court properly transferred the case pursuant to section 1406 to another district where venue was proper and personal jurisdiction could be asserted over the defendants); *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1107 (5th Cir. 1981) (a transfer to a district in which personal jurisdiction over the defendant can be obtained may be made pursuant to 28 U.S.C. §§ 1404(a), 1406(a)).

*Organic Mattresses, Inc. v. Enviornmental Res. Outlet, Inc*., 2017 U.S. Dist. LEXIS 166628, *32-33 (S.D. Fla. Oct. 6, 2017). In the instant action, the interest of justice dictates that the Northern District of Georgia is an appropriate venue for this matter to be litigated. Not only are Defendants both residents of the Northern District of Georgia, but this District is also no less convenient for Plaintiff, which is a California entity with its principal place of business in California. The Northern District of Georgia is a proper venue and, in fact, the most appropriate venue for this action. Accordingly, Defendants respectfully request that, as an alternative to dismissal of this action, the Court GRANT their Motion to Transfer and transfer this action to the Northern District of Georgia (Rome Division)[3].

---

[3] Defendants note that, as part of the required pre-filing meet and confer, they proposed a voluntary transfer to the Northern District of Georgia, which Plaintiff rejected. Defendants submit that dismissal of this action is appropriate based on the personal jurisdiction and improper venue arguments set forth in this Motion and if Plaintiff maintains its objection to transfer to the Northern District of Georgia. *See Silver v. Karp*, 2014 U.S. Dist. LEXIS at *11-12

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court GRANT their Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction and/or improper venue or, in the alternative, to transfer the action to the United States District Court for the Northern District of Georgia (Rome Division).

DATED: May 8, 2023

Respectfully submitted,

**FRIEDLAND VINING, P.A.**

/s/David K. Friedland
By: **David K. Friedland**
Florida Bar No. 833479
Email: dkf@friedlandvining.com
**Jaime Rich Vining**
Florida Bar No. 030932
Email: jrv@friedlandvining.com
6619 South Dixie Highway, PMB 157
Miami, FL 33143
(305) 777-1725 – telephone
(305) 456-4922 – facsimile

### CERTIFICATION OF GOOD FAITH CONFERENCE – OPPOSED

Pursuant to Local Rule 7.1(a)(3), I certify that counsel for the movant conferred with counsel for Plaintiff, Mark S. Lee and David I. Greenbaum, via email on May 1, 2023, in a good faith effort to resolve the issues raised in this Motion. Counsel for Plaintiff stated that they are opposed to the Court's entry of an Order granting the relief sought in this Motion.

/s/David K. Friedland
David K. Friedland

---

(dismissing action where "Plaintiff has opposed Defendants' argument that the case should be transferred to the Eastern District of New York, and it is not certain that Plaintiff wishes to pursue his case in that forum.").

**CERTIFICATE OF SERVICE**

       I hereby certify that on the above referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

David I. Greenbaum, Esq.
David.Greenbaum@rimonlaw.com
Mark S. Lee, Esq.
Mark.Lee@rimonlaw.com
RIMON, P.C.
333 SE 2nd Avenue, Suite 2000
Miami, FL 33131
*Service via CM/ECF*

                                                        s/David K. Friedland
                                                          David K. Friedland