UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 23-20884-CIV-MORENO

EARTH WIND & FIRE IP, LLC,

    Plaintiff,

vs.

SUBSTANTIAL MUSIC GROUP LLC, and
STELLAR COMMUNICATIONS, INC.,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

This case arises out of an alleged trademark infringement of Plaintiff's "Earth, Wind, & Fire" trademark by Defendants, who promoted concerts in Florida and other parts of the United States for their band, the "Legacy Reunion of Earth, Wind, & Fire Alumni." Plaintiff initiated the instant case, asserting Lanham Act claims against Defendants. Defendant Stellar Communications moves to dismiss the Complaint, arguing that the Court does not have personal jurisdiction over Stellar. Defendants move to dismiss the Complaint for improper venue, asserting that a substantial portion of the events giving rise to Plaintiff's claims did not occur in the Southern District of Florida. Alternatively, Defendants move to transfer venue to the Northern District of Georgia. The Court finds that it has personal jurisdiction over Defendant Stellar, under Florida's long-arm statute and that exercising personal jurisdiction comports with the Due Process Clause of the 14th Amendment of the United States Constitution. The Court further finds that a substantial portion of the events giving rise to Plaintiff's claims occurred within the Southern District of Florida. Therefore, the motions are denied.

## FACTS

Plaintiff Earth, Wind, & Fire IP, LLC is the owner of the trademark of the "Earth, Wind, & Fire" band. In 2019, Defendants Substantial Music Group and Stellar Communications, Inc. hired musicians who played with Earth, Wind, & Fire to perform songs of Earth, Wind, & Fire as "Earth, Wind, & Fire Legacy Reunion". In promoting their concerts, Defendants used artwork similar to that used by the original Earth, Wind, & Fire band. After Plaintiff demanded that Defendants cease and desist use of Defendants' mark and artwork, Defendants changed the title of their musical shows from "Earth, Wind, & Fire Legacy Reunion" to "Legacy Reunion of Earth, Wind, & Fire Alumni".

Plaintiff filed Lanham Act claims against Defendants, including the following counts: Trademark Infringement (Count 1), Unfair Competition under the Lanham Act (Count 2), False Advertising under the Lanham Act (Count 3), and Federal Trademark Dilution under the Lanham Act (Count 4).

Plaintiff avers that Defendants conducted infringement activity to Florida through Defendants' website and YouTube and Facebook social media sites. Further, Plaintiff alleges that Defendants used Plaintiff's trademarks and logos to contract with two Florida venues (one in Fort Lauderdale and another Pensacola) to have Defendants' band perform shows in Florida. In an affidavit, Plaintiff's counsel Mark Lee stated that Defendants offered ticket sales seven months before actually performing at an event in Pensacola, Florida scheduled for November 2022. Defendants advertised the sale of tickets to another event at a Fort Lauderdale, Florida venue for at least nine months before the scheduled May 2023 performance date. Plaintiff alleges that Defendants misleadingly induced Florida venues to use Plaintiff's marks and logos in online advertising for ticket sales in a way that could mislead Florida residents as to the source, origin

and identity of the band Defendants promote. Also, Plaintiff alleges that, following a performance of Defendants' band in Pensacola, Florida, a concert-goer complained that Defendants' advertisement was misleading, in that the concert-goer expected to see the original members of the original "Earth, Wind, & Fire" band. [D.E. 1 at ¶ 24].

Defendant Stellar's president, Michelle Ferraro, stated in an affidavit that "Stellar had no involvement in, and thus no contact with, the Southern District of Florida concerning, the development or marketing of the accused event[, the Fort Lauderdale concerts], subsequently cancelled, featuring allegedly infringing use of EARTH WIND & FIRE trademarks and logos." [D.E. 12-1]. Plaintiff's counsel, David Greenbaum, stated in an affidavit that Defendant Stellar's attorney admitted that "Stellar Communications Inc. . . . is the organizer of Legacy Reunion events, featuring former members of the band Earth Wind & Fire performing songs made famous by the band[.]" [D.E. 16-1 at ¶ 2]. Defendant Stellar Communications now moves to dismiss the Complaint for lack of personal jurisdiction. Collectively, Defendants move to dismiss for improper venue or, alternatively, to transfer venue to the Northern District of Georgia under section 1406, title 28.

## DISCUSSION

### I. Motion to Dismiss for Lack of Personal Jurisdiction
#### a. STANDARD OF REVIEW

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (internal citations omitted). "The reach of the [Florida long-arm] statute is a question of Florida law. [F]ederal courts are required to construe [such law] as would the Florida Supreme

Court. Absent some indication that the Florida Supreme Court would hold otherwise, [federal courts] are bound to adhere to decisions of [Florida's] intermediate courts." *Id.* at 1274-75 (citing *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1271 (11th Cir. 2002)).

The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant. *Meier*, 288 F.3d at 1271. When dealing with a motion to dismiss for lack of personal jurisdiction, courts must accept the factual allegations in the Complaint as true and, should the defendant "submit[] affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *See Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

### b. DEFECTIVE NATURE OF COMPLAINT

Defendant Stellar argues that the Complaint should be dismissed because Plaintiff fails to plead a basis or facts establishing jurisdiction. In support of its argument, Stellar cites to *Milligan Electric Company v. Hudson Construction Company*, 886 F. Supp. 845 (N.D. Fla. 1995). Although Plaintiff does not respond to this argument, Defendant's argument fails.

In *Milligan*, the Northern District of Florida dismissed a complaint against the defendant construction company for lack of personal jurisdiction where the plaintiff alleged solely that the defendant failed to pay a debt in Florida. 886 F. Supp. at 849. Holding that the plaintiff failed to allege sufficient facts to bring the defendant within the scope of Florida's long-arm statute, the court explained that "[s]tanding alone, mere nonpayment of a debt in Florida is not sufficient to subject a nonresident defendant to personal jurisdiction." *Id.* at 850.

While Stellar correctly states that the Court must dismiss the Complaint if the Plaintiff fails to allege sufficient facts to bring Stellar within the scope of Florida's long-arm statute, the

Court may not dismiss the Complaint for lack of personal jurisdiction without first going through the general and specific personal jurisdiction analyses. *See Diamond Resorts U.S. Collection Dev. v. Neally*, No. 6:20-cv-1516-CEM-EJK, 2022 U.S. Dist. LEXIS 104665, at *5 (M.D. Fla. Jan. 27, 2022) (explaining that district courts "must 'undertake[] a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.'") (quoting *Mazer*, 556 F.3d at 1274).

### c. LONG-ARM STATUTE

"Florida's long-arm statute provides for both general and specific personal jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (citing Fla. Stat. § 48.193(1)-(2)).

#### i. General Personal Jurisdiction

"General personal jurisdiction exists when a defendant 'is engaged in substantial and not isolated activity within this state...whether or not the claim arises from that activity." *Id.* (citing § 48.193(2)). In other words, "[g]eneral personal jurisdiction is based on a defendant's substantial activity in Florida without regard to where the cause of action arose." *Mosseri*, 736 F.3d at 1352.

Although Defendant Stellar argues that Plaintiff fails to establish general personal jurisdiction, Plaintiff did not address Defendant's general personal jurisdiction contentions in the Response to the Motion to Dismiss. Considering Plaintiff's contention that this Court retains personal jurisdiction over Stellar under section 48.193(1)(b), Florida Statutes (i.e., specific personal jurisdiction by committing a tortious act within the State), the Court need not assess whether it has general personal jurisdiction over Stellar. *See Oviedo v. Ramirez*, 2022 U.S. Dist. LEXIS 93240, at *10-11 (S.D. Fla. May 23, 2022) (where the plaintiff did not respond to the defendants' contention that the court retained no general personal jurisdiction over the

5

defendants and where the plaintiff asserted that specific personal jurisdiction existed, the court deemed analysis of general personal jurisdiction unnecessary).

### ii. Specific Personal Jurisdiction

"A nonresident defendant may be subject to 'specific' personal jurisdiction under subsection 48.193(1) if the person commits any of the acts enumerated in the subsection within Florida and the cause of action arose from the act." *Zapata v. Royal Caribbean Cruises, Ltd.*, No. 12-21897-Civ-COOKE/TURNOFF, 2013 U.S. Dist. LEXIS 36030, at *9 (S.D. Fla. Mar. 15 2013); *see also Kline v. Byrd*, 21-21125-CIV-MORENO, 2021 U.S. Dist. LEXIS 176140, at *6 (S.D. Fla. Sept. 16, 2021) (holding that personal jurisdiction existed over the defendant where the plaintiff pointed to section 48.193(1)(a)2, Florida Statutes, and where the plaintiff alleged in the complaint that the defendant made intentional misrepresentations to the plaintiff, i.e., committing a tortious act within Florida).

Defendant Stellar argues that Plaintiff's allegations cannot show that the Court has specific personal jurisdiction over Defendant under section 48.193(1). Plaintiff argues that the Complaint's allegations are sufficient to establish the Court's specific personal jurisdiction over Stellar under section 48.193(1)(a)2. Section 48.193(1)(a)2, Florida Statutes, allows courts to exercise personal jurisdiction over a nonresident defendant who committed a tortious act within Florida. § 48.193(1)(a)2, Florida Stat. (2022); *see also Posner v. Essex Ins. Co.*, 178 F.3d 1209 (11th Cir. 1999) (holding that the 'tortious act' provision of Florida's long-arm statute applies to defendants committing tortious acts outside the state that cause injury in Florida).

Plaintiff cites to the following to establish specifical personal jurisdiction under section 48.193(1)(a)2. First, Plaintiff alleges that Defendants directed infringement activity to Florida through Defendants' website and YouTube and Facebook social media sites. Second, Plaintiff alleges that Defendants used Plaintiff's trademarks and logos to contract with two Florida venues

6

to have Defendants' ban perform shows in Florida. Third, Plaintiff alleges that Defendants offered ticket sales seven months before actually performing at an event in Pensacola, Florida scheduled for November 2022. Fourth, Defendants advertised the sale of tickets to another event in Fort Lauderdale, Florida for at least nine months before the scheduled May 2023 performance date. Fifth, Defendants misleadingly induced Florida venues to use Plaintiff's marks and logos in online advertising for ticket sales in a way that could mislead Florida residents as to the source, origin and identity of the band Defendants promote.

Plaintiff cites to *Licciardello v. Lovelady*, 544 F.3d 1280 (11th Cir. 2008), for support. There, the Eleventh Circuit reversed the trial court's dismissal of the plaintiff Florida resident's trademark infringement complaint and held that the plaintiff's allegations were sufficient to invoke section 48.193(1)(a)2 of Florida's long-arm statute. *Lovelady*, 544 F.3d at 1284-85. Where the plaintiff alleged that the defendant created a website in Tennessee which contained an allegedly infringing and deceptive use of the plaintiff's trademark, the court explained that, "although the website was created in Tennessee, the Florida long-arm statute is satisfied if the alleged trademark infringement on the website caused injury in Florida." *Id.* at 1283.

Stellar argues that "the only Defendant alleged to be in the business of promoting musical concerts and events is Substantial." [D.E. 12 at 12] (citing to D.E. 1 at ¶¶ 3-4 (alleging explicitly that Defendant Substantial engages in promotion of musical concerts, but not alleging the same with respect to Defendant Stellar)). Stellar cites to its president's affidavit, in which she testified that "Stellar had no involvement in, and thus no contact with, the Southern District of Florida concerning, the development or marketing of the accused event[, the Fort Lauderdale concerts], subsequently cancelled, featuring allegedly infringing use of EARTH WIND & FIRE trademarks and logos." [D.E. 12-1]. The Court finds that the burden to establish a *prima facie* case of

personal jurisdiction has not shifted back to Plaintiff because the assertion in Stellar's president's affidavit is conclusory.

Even if the Court were to find Stellar's president's affidavit non-conclusory, Plaintiff still establishes a *prima facie* showing of the Court's personal jurisdiction over Stellar. "[W]hen the complaint and plaintiff's affidavits conflict with the defendant's affidavits, we draw all reasonable inferences in favor of the plaintiff." *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1292 (11th Cir. 2021). Here, the Complaint and Plaintiff's affidavits conflict with Stellar's president's affidavit. While Stellar's president stated in her affidavit that Stellar was not involved in the development or marketing of the allegedly infringing musical events, [D.E. 12-1], Plaintiff's attorney's affidavit indicates that Stellar's attorney admitted that "Stellar Communications Inc. . . . is the organizer of Legacy Reunion events, featuring former members of the band Earth Wind & Fire performing songs made famous by the band[.]" [D.E. 16-1 at ¶ 2]. Drawing all reasonable inferences in favor of Plaintiff, the Court finds that there are sufficient jurisdictional facts that satisfy Florida's long-arm statute as to the Lanham Act claims against Stellar.

### d. DUE PROCESS CLAUSE

"In specific personal jurisdiction cases, we apply the three-part due process test, which examines: (1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Mosseri*, 736 F.3d at 1355 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73, 474-75 (1985)). Plaintiff has the burden of establishing prongs one and two, and, when the first two prongs are satisfied, the burden shifts to

Defendant Stellar on prong 3, that is, Stellar must show that the exercise of personal jurisdiction would contravene notions of fair play and substantial justice. *See Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1313 (11th Cir. 2018).

### i. Plaintiff's trademark infringement claim "arises out of or relates to" at least one of Defendant Stellar's contacts with the *forum.*

For the Court to exercise specific personal jurisdiction, Plaintiff's claim must arise out of or relate to Defendant Stellar's contacts with the forum. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021). "Or put just a bit differently, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (internal citations omitted). And as the Supreme Court stated in *Ford*, "[t]he first half of [the arise out of or relate to] standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing." *See id.*

The first prong of the due process test is satisfied. Plaintiff's trademark infringement claim arises out of or relates to Stellar's contacts with the forum. In the Complaint, Plaintiff alleges that Defendants used the "Earth, Wind, & Fire" mark on their website to promote a show at a concert venue in Ft. Lauderdale, Florida. Plaintiff also alleges that, after Defendants' band performed at a show in Pensacola, Florida, a consumer in Pensacola complained that Defendants' advertisement was misleading, in that the consumer expected to see the original members of the "Earth, Wind, & Fire" band. As such, the Court finds that Plaintiff's trademark infringement claims arise out of or relate to Stellar's contacts with the forum.

### ii. Defendant Stellar "purposefully availed" itself of the privilege of conducting activities within Florida.

There are two applicable tests to determine purposeful availment: the effects test and the minimum contacts test. *Valle v. Trivago GmbH*, 56 F.4th 1265, 1276 (11th Cir. 2022). Although

the Parties do not analyze either of these two tests, the Court will so.

"Under the effects test, a nonresident defendant's single tortious act can establish purposeful availment without regard to whether the defendant had any other contacts with the forum state." *Id.*; *see also Lovelady*, 544 F.3d at 1285. "The test is met when the tort was intentional, aimed at the forum state, and caused harm that the defendant should have anticipated would be suffered in the forum state." *Id.*; *see also id.* at 1285-86, 1287-88. In *Lovelady*, for instance, the Eleventh Circuit held that the defendant's use of the Florida plaintiff's trademarked name and picture on a website accessible in Florida satisfied the effects test for personal jurisdiction because it involved "the commission of an intentional tort aimed at a specific individual in the forum whose effects were suffered in the forum." *Id.* at 1288.

Applying the effects test, the Court does not find that Defendant Stellar purposefully availed itself of the privilege of conducting activities within Florida. First, the tort allegedly committed by Stellar (i.e., trademark infringement) was intentional because the purpose was to make money from Plaintiff's "Earth, Wind, & Fire" mark. Second, the intentional tort was aimed at Florida, considering that Stellar used the "Earth, Wind, & Fire" mark in its online promotional materials to advertise concerts in Ft. Lauderdale and Pensacola, Florida. Third, however, the Court does not find that Stellar's intentional tort caused harm that Stellar should have anticipated would be suffered in Florida because Stellar did not target Plaintiff in Plaintiff's state of residence (i.e., California). *See Lovelady*, 544 F.3d at 1288 n.8 (holding that "where the internet is used as a vehicle for the deliberate, intentional misappropriation of a specific individual's trademarked name or likeness *and that use is aimed at the victim's state of residence*, the victim may hale the infringer into that state to obtain redress for the injury."). The Court now will apply the minimum contacts test.

"The minimum contacts test assesses the nonresident defendant's contacts with the forum state and asks whether those contacts (1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." *Valle*, 56 F.4th at 1276. "In performing the minimum contacts analysis, we identify all contacts between the nonresident defendant and the forum state and ask whether, individually or collectively, those contacts satisfy the relevant criteria." *Id.*

The elements of the effects test are satisfied here. First, Stellar's contacts are related to Plaintiff's trademark infringement claims because Stellar's online advertisements, allegedly containing Plaintiff's mark, promoted shows in Florida concert venues. Second, Stellar purposefully solicited business from Florida residents via its website, and consumers purchased concert tickets as a result. Third, as a result of Stellar marketing tickets to Florida residents for Florida concerts, Stellar should reasonably anticipate being hauled into court in Florida. Accordingly, Stellar, purposefully availed itself of the privilege of conducting activities within Florida.

### iii. The exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

In analyzing whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice", the Court assesses four factors: "(1) 'the burden on the defendant'; (2) 'the forum's interest in adjudicating the dispute'; (3) 'the plaintiff's interest in obtaining convenient and effective relief'; and (4) 'the judicial system's interest in resolving the dispute.'" *Mosseri*, 736 F.3d at 1358 (quoting *Lovelady*, 544 F.3d at 1288).

Defendant Stellar does not, in its Motion to Dismiss nor in its Reply to Plaintiff's Opposition to the Motion, attempt to argue why the exercise of personal jurisdiction would

violate notions of fair play and substantial justice. *See Waite*, 901 F.3d at 1313 (holding that, once the first two parts of the due-process test are satisfied, the burden shifts to the defendant to show that the exercise of personal jurisdiction would contravene notions of fair play and substantial justice).

Nonetheless, the Court finds that the *Lovelady* factors weigh in favor of exercising personal jurisdiction. First, Stellar does not suggest how this action may place any undue burden upon it. Second, Florida has a stern interest in adjudicating this dispute and safeguarding its consumers from confusion that results from infringement. *See Mosseri*, 736 F.3d at 1358. Last, Plaintiff has an interest in obtaining convenient and effective relief, as the judiciary has an interest in efficiently resolving this action. Accordingly, the Motion to Dismiss for lack of personal jurisdiction is denied.

### II. Motion to Dismiss for Improper Venue
#### a. STANDARD OF REVIEW

In considering a motion to dismiss for improper venue under Rule 12(b)(3), a court must accept the allegations in a plaintiff's complaint as true. *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). "For defenses raised under Rule 12(b)(3), the court may consider matters outside the pleadings if presented in proper form by the parties." *Mesa Underwriters Specialty Ins. Co. v. Hembree Consulting Servs.*, NO. 15-20605-CIV-KING, 2015 U.S. Dist. LEXIS 134792, at *3 (S.D. Fla. Oct. 2, 2015). Where conflicts exist between averments in the complaint and evidence outside the pleadings, the court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Wai*, 315 F. Supp. 2d at 1268.

#### b. DISCUSSION

Defendants argue that the Motion to Dismiss for Improper Venue should be granted because the Court lacks personal jurisdiction over Stellar. *See Miot v. Kechijian*, 830 F.Supp.

1460, 1466 (S.D. Fla. 1993) (a proper venue is a judicial district where all the defendants would be subject to personal jurisdiction). As discussed above, however, the Court finds that it can assert specific personal jurisdiction over Defendant Stellar for its alleged infringement activities in the Southern District of Florida. Accordingly, Defendants' argument fails.

Alternatively, Defendants argue that the Motion should be granted because, under section 1391(b)(2) of title 28, the venue statute identified in the Complaint, a "substantial" portion of the events giving rise to Plaintiff's allegations did not occur in the Southern District of Florida. In support of this argument, Defendants assert that—although one event is alleged to have occurred in the Southern District of Florida (i.e., a Fort Lauderdale concert)—Plaintiff references other events giving rise to its claims in Topeka, Kansas, and other venues outside of the Southern District of Florida. Defendants also cite to Defendant Stellar's president's affidavit, who testified that Stellar was not involved in the Fort Lauderdale event.

Section 1391(b)(2) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2 "While certain kinds of events may be necessary to give rise to the claim, '[o]nly those actions which were, in and of themselves, "wrongful" or had a "close nexus" to the wrong could form the basis of proper venue.'" *Hemispherx Biopharma, Inc. v. Mid-South Capital, Inc.*, 669 F. Supp. 2d 1353, 1358 (S.D. Fla. 2009) (citing to *Forbes v. Lennox Fin. Mortg. LLC*, No. 08-60455-CIV, 2008 U.S. Dist. LEXIS 110816, 2008 WL 2959727, at *3 (S.D. Fla. July 30, 2008) (quoting *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003))). Section 1391(b)(2) "require[s] courts to focus on relevant activities of the defendant, not the plaintiff." *Bremer*, 321 F.3d at 1371-72; *see also Hemispherx*, 669 F. Supp. 2d at 1357.

Plaintiff argues that the Southern District of Florida is a proper venue because

Defendants "passed off" their infringing services to many districts, including to the Southern District of Florida. For this argument, Plaintiff relies on *Cottman Transmission Systems v. Martino*, where the Third Circuit held that "the focus of [a] venue inquiry in a Lanham Act trademark infringement case is the location where the unauthorized passing off takes place – whether that occurs solely within one district or many." 36 F.3d 291 (3d Cir. 1994).

Indeed, federal district courts within the Eleventh Circuit have adopted *Cottman*'s venue analysis for Lanham Act trademark infringement claims. *See M Tobacos, Inc. v. Case*, 2015 U.S. Dist. LEXIS 191206, at *5 (S.D. Fla. Apr. 17, 2015) (holding that "in trademark cases, 'the wrong takes place not where the deceptive labels are affixed to the goods or where the goods are wrapped in misleading packages, but where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's.'") (quoting *Vanity Fair Mills, Inc. v. T Eaton Co.*, 234 F.2d 633, 639 (2d Cir. 1956) (citing *Cottman*, 36 F.3d at 295); *see also George & Co. LLC v. Spin Master Corp.*, 2018 U.S. Dist. LEXIS 185630, at *34-*35 (M.D. Fla. Sept. 13, 2018) (holding that venue in the Middle District of Florida was proper for a trademark infringement claim where the plaintiff alleged that the defendant allegedly sold infringing goods in the Middle District of Florida).

That Defendants may have passed off their allegedly infringing services (i.e., promoting and selling concert tickets) in many districts other than the Southern District of Florida (i.e., Pensacola, Topeka) does not support choosing the Southern District of Florida as the venue. Rather, the proper focus is whether a "substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of Florida. *See* 28 U.S.C. § 1391(b)(2).

From the allegations of the Complaint, Defendants' relevant activities within the Southern District of Florida include their promotion and advertisement of tickets for a concert at

the Parker Playhouse, a concert venue in Fort Lauderdale, Florida, scheduled for April 13, 2023 and another concert at the same venue scheduled for May 2023. In an exhibit attached to Plaintiff Counsel Mark Lee's Declaration, Defendants promoted tickets for another concert in Okeechobee, Florida, scheduled for March 4, 2023. As discussed, the statement in the Ferraro Declaration that Stellar had no involvement or role in the Fort Lauderdale event will not be considered because of the conclusory nature of the statement. Assuming that the statement from the Ferraro Declaration was non-conclusory, the statement is conflicted by the statement from Plaintiff's Counsel's affidavit that Stellar's attorney admitted that Stellar organized Legacy Reunion events.

Plaintiff has demonstrated that a "substantial part of the events . . . giving rise to the claim occurred" in the Southern District of Florida. Accordingly, this District is a proper venue, and the Motion to Dismiss for Improper Venue is denied.

### III. Motion to Transfer Venue

As an alternative to granting the Motion to Dismiss for improper venue, Defendants move the Court to transfer venue to the Northern District of Georgia under section 1406(a) of title 28. If the Court determines that venue is improper, it "'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *U.S. v. Lexon Ins. Co.*, 19-20473-CIV-MORENO, 2019 U.S. Dist. LEXIS 137801, at *4 (S.D. Fla. Aug. 14, 2019) (quoting 28 U.S.C. § 1406(a)). "'A transferee court must sit within a district in which the case originally could have been brought, both with respect to venue and personal jurisdiction.'" *Brunswick Records Corp. v. Lastrada Entm't Co., Ltd.*, NO. 21-cv-23580-ALTMAN/REID, 2022 U.S. Dist. LEXIS 214743, at *23 (S.D. Fla. Nov. 29, 2022) (quoting *Hemispherx*, 669 F. Supp. 2d at 1359.

"In applying section 1406(a), 'the decision whether to transfer a case is left to the sound

discretion of the district court and is reviewable only for an abuse of that discretion.'" *Lexon*, 2019 U.S. Dist. LEXIS 137801 at *4 (quoting *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982)). "'Generally, the interests of justice require transferring a case to the appropriate judicial district rather than dismissing it.'" *Id.* (quoting *Simpson v. Fed. Bureau of Prisons*, 496 F. Supp. 2d 187, 194 (D.D.C. 2007)).

In support of the Motion to Transfer Venue, Defendants argue again that the Court lacks personal jurisdiction over Stellar. This argument fails, however, because, as discussed, the Court may exercise specific personal jurisdiction over Stellar. Also, as discussed, the Southern District of Florida is a proper venue for this case because a substantial part of the events giving rise to Plaintiff's infringement claims occurred in Fort Lauderdale, Florida. Accordingly, the Motion to Transfer Venue under section 1406(a) is denied.

## CONCLUSION

THE COURT has considered the motions, the response in opposition, the reply pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motions are DENIED. Answer to be filed by **August 31, 2023**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of August 2023.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record