UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**EARTH WIND & FIRE IP, LLC**,

    Plaintiff,

                             Case No. 1:23-cv-20884-FAM

v.

**SUBSTANTIAL MUSIC GROUP LLC**
and **STELLAR COMMUNICATIONS, INC.**,

    Defendants.
_____/

## DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendants/Counter-Plaintiffs Substantial Music Group LLC ("Substantial") and Stellar Communications, Inc. ("Stellar"), by and through undersigned counsel, hereby file their Answer to Plaintiff's Complaint, Affirmative Defenses, and Counterclaim.

### Summary of Action

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 1 of the Complaint and therefore deny same. Defendants deny the second sentence of Paragraph 1 of the Complaint. Defendants admit that Plaintiff seeks an injunction and monetary damages, relief to which Defendants deny Plaintiff is entitled.

### The Parties

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore deny same.

**FRIEDLAND VINING, P.A.**
(305) 777-1725 • (305) 456-4922 telecopier

3. Substantial admits that it is a limited liability company organized under the laws of the State of Wyoming and registered to do business in the State of Georgia. Substantial admits that it operates the website at the address alleged in Paragraph 3 of the Complaint and that it promotes musical concerts and events in the United States. Substantial denies the remaining allegations of Paragraph 3 of the Complaint.

4. Stellar admits the allegations of Paragraph 4 of the Complaint as to its corporate status and denies the remaining allegations of Paragraph 4 of the Complaint.

## Jurisdiction and Venue

5. Defendants admit the first sentence of the allegations in Paragraph 5 of the Complaint and deny the remaining allegations of Paragraph 5 of the Complaint.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and therefore deny same.

7. Defendants admit that a copy of Plaintiff's asserted word mark registration is attached as Exhibit A to the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint and therefore deny same.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore deny same.

9. Defendants admit that a copies of Plaintiff's asserted logo registrations are attached as Exhibit B to the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 of the Complaint and therefore deny same.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore deny same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore deny same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore deny same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and therefore deny same.

**Defendants' Unlawful Conduct**

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff, in 2019, sent cease-and-desist communications to Defendants. Defendants further admit that, in response to such communications, they revised their logo to a version to which Plaintiff acquiesced until 2023 and identified their accused production as "Legacy Reunion of Earth, Wind & Fire." Defendants deny the remaining allegations of Paragraph 17 of the Complaint.

18. Defendants deny the allegations of Paragraph 18 of the Complaint.

19. Defendants deny the allegations of Paragraph 19 of the Complaint.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

25. Defendants deny the allegations of Paragraph 25 of the Complaint.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

**First Claim for Relief**
**Trademark Infringement**

30. Defendants reallege their responses to Paragraphs 1-29 as if set forth verbatim herein and deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

**Second Claim for Relief**
**Unfair Competition**

32. Defendants reallege their responses to Paragraphs 1-29 as if set forth verbatim herein and deny the allegations of Paragraph 32 of the Complaint.

33. Defendants deny the allegations of Paragraph 33 of the Complaint.

**Third Claim for Relief**
**False Advertising**

34. Defendants reallege their responses to Paragraphs 1-29 as if set forth verbatim herein and deny the allegations of Paragraph 34 of the Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

**Fourth Claim for Relief**
**Federal Trademark Dilution**

36.     Defendants reallege their responses to Paragraphs 1-29 as if set forth verbatim herein and deny the allegations of Paragraph 36 of the Complaint.

37.     Defendants deny the allegations of Paragraph 37 of the Complaint.

38.     Defendants deny the allegations of Paragraph 38 of the Complaint.

39.     Defendants deny the allegations of Paragraph 39 of the Complaint.

40.     Defendants deny the allegations of Paragraph 40 of the Complaint.

41.     Defendants deny the allegations of Paragraph 41 of the Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief sought in the Complaint and Defendants pray that this Court enter judgment in its favor on all claims alleged in the Complaint, find that this is an exceptional case, pursuant to 15 U.S.C. § 1117(a), entitling Defendants to reimbursement of their reasonable attorney fees and costs, and grant Defendants such further relief as the Court deems appropriate.

## **FURTHER ANSWER AND AFFIRMATIVE DEFENSES**

By way of further Answer and as affirmative defenses, Defendants deny that they are liable to Plaintiff on any of the claims alleged and deny that Plaintiff is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever, and state as follows:

### **First Affirmative Defense**

As a first, separate and distinct affirmative defense, Defendants assert that the Complaint, on one more counts as set forth therein, is barred because Plaintiffs do not have any protectable rights in the phrase EARTH, WIND & FIRE or the Phoenix logo, which have been abandoned as

an indicator of source due to rampant and unchecked third party use, as a result of which the phrase and logo have lost their trademark significance, and therefore cannot state a claim upon which relief can be granted.

**Second Affirmative Defense**

As second, separate and distinct affirmative defense, Defendants assert that the Complaint, on one more counts as set forth therein, is barred because Defendants assert there has been no actual confusion or confusion of any type or quality during a substantial period of concurrent use and therefore no likelihood of confusion exists.

**Third Affirmative Defense**

As third, separate and distinct affirmative defense, Defendants assert that the Complaint, on one more counts as set forth therein, is barred because Defendants' use of the phrase EARTH, WIND & FIRE is protected from a finding of infringement as a result of Defendants' nominative fair use of the phrase "LEGACY REUNION OF EARTH, WIND & FIRE."

**Fourth Affirmative Defense**

As a fourth, separate and distinct affirmative defense, Defendants assert that Plaintiff's claims are barred as a result of Plaintiff's acquiescence to Defendants' use of "LEGACY REUNION OF EARTH, WIND & FIRE" and their modified logo, which Defendants presented to Plaintiff in 2019 and to which Plaintiff did not object for a period of nearly 4 years. Defendants relied on Plaintiff's silence for years and continued to use the trademark at issue, built their business and goodwill in the mark and, during that extended period of time, Plaintiff never objected.

Case No. 1:23-cv-20884-FAM

### Fifth Affirmative Defense

As a fifth, separate and distinct affirmative defense, Defendants assert that Plaintiff's claims are barred in whole or part by the doctrine of laches, as a result of Plaintiff's failure to bring claims against Defendants despite Defendants' use of the accused word mark and logo since at least as early as 2019.

### Sixth Affirmative Defense

As a sixth, separate and distinct affirmative defense, Defendants assert that Plaintiff's claims are barred in whole or part by the doctrine of waiver, as a result of Plaintiff's undue delay in bringing claims against Defendants despite Defendants' use of the accused word mark and logo since at least as early as 2019.

### Seventh Affirmative Defense

As a seventh, separate and distinct affirmative defense, Defendants assert that Plaintiff's claims are barred in whole or part by the doctrine of equitable estoppel, as a result of Plaintiff's failure to bring claims against Defendants despite Defendants' use of the accused word mark and logo since at least as early as 2019. Defendants relied on Plaintiff's silence for years and continued to use the trademark at issue, built their business and goodwill in the mark and, during that extended period, Plaintiff never objected.

### Eighth Affirmative Defense

As an eighth, separate and distinct affirmative defense, Defendants assert that even assuming infringement, unfair competition, or any other allegedly improper activity is proven by Plaintiff, which Defendants expressly deny, Plaintiff cannot establish that it has suffered or will

7

suffer damages.

## COUNTERCLAIM

Defendants/Counterclaim-Plaintiffs Substantial Music Group LLC ("Substantial") and Stellar Communications, Inc. ("Stellar"), by and through undersigned counsel, hereby assert their Counterclaim against Plaintiff/Counter-Defendant Earth, Wind & Fire IP, LLC ("EWF"), as follows:

## PARTIES

1. Substantial is a limited liability company organized and existing under the laws of the State of Wyoming and registered to do business in Georgia, with its principal place of business in Georgia.

2. Stellar is a limited liability company organized and existing under the laws of the State of Wyoming and registered to do business in Georgia, with its principal place of business in Georgia.

3. On information and belief, EWF is a limited liability company organized and existing under the laws of the State of California, with its principal place of business in California.

## JURISDICTION AND VENUE

4. This is an action for cancellation of trademark registrations pursuant to 15 U.S.C § 1119.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1338 and 1367.

6. This Court has personal jurisdiction over Counter-Defendant, which instituted this action in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## BACKGROUND

8.  EWF has alleged, and Defendants deny, that, *inter alia*, Defendants' nominative fair use of the phrase LEGACY REUNION OF EARTH, WIND & FIRE ALUMNI by former members of the EARTH, WIND & FIRE musical group in connection with the offering of entertainment services including live musical performances purportedly infringes any alleged rights Counter-Defendant claims in the phrases.

### The '313 Registration

9.  EWF asserted ownership of U.S. Trademark Registration No. 1,084,313 for EARTH, WIND & FIRE, registered on the Principal Register on or about January 31, 1978 (the '313 Registration).

10. The '313 registration identifies "Entertainment services rendered by a vocal and instrumental group," in International Class 41, and alleges a date of first use of January 10, 1970.

11. Upon information and belief, the '313 Registration is subject to cancellation on the basis that the phrase EARTH, WIND & FIRE has been abandoned through non-enforcement against third parties, as a result of which it has lost its trademark significance and is therefore not protectable because it has been abandoned.

12. Counter-Plaintiffs believe that they are damaged, and are likely to continue to be damaged, by the continued existence of the '313 Registration, in that Substantial offers live vocal and instrumental group services rendered by, *inter alia*, former members of Earth, Wind & Fire, and has an interest in fairly using the phrase EARTH, WIND & FIRE in its business.

### Counter-Plaintiffs' Lawful Activities

13. Since at least as early as 2019, Substantial has fairly used the phrase LEGACY

REUNION OF EARTH, WIND & FIRE ALUMNI to identify its entertainment services, including in connection with live music and instrumental performances featuring prior members of the Earth, Wind & Fire musical group:



## COUNT I
### Cancellation of U.S. Trademark Registration 1,084,313

14. Counter-Plaintiffs repeat and incorporate paragraphs 1 through 13 inclusive as if set forth verbatim herein.

15. Counter-Defendant's alleged EARTH, WIND & FIRE mark is allegedly used in connection with the offering of entertainment services rendered by a vocal and instruments group, as such services are identified in the '313 Registration.

16. A variety of vocal and instruments groups use the phrase "EARTH, WIND & FIRE" to identify their entertainment services to the consuming public:



*https://earthwindandfiretributeband.com/.*



*https://www.facebook.com/ewftributeband/.*



*https://www.lyrictheatre.com/past-show/9202-elements-the-ultimate-earth-wind-and-fire-tribute.*



*https://www.newshiningstar.com/*

**FRIEDLAND VINING, P.A.**
(305) 777-1725 • (305) 456-4922 telecopier



*https://j-fell.com/kalimba/*



*https://www.pinellas-park.com/calendar.aspx?PREVIEW=YES&EID=5310*



*https://ultraartists.com/earth-wind-fire-tribute-band/*

**FRIEDLAND VINING, P.A.**
(305) 777-1725 • (305) 456-4922 telecopier

Case No. 1:23-cv-20884-FAM



*https://www.iamcjbaker.com/earth-wind-fire-tribute*



*https://www.reillyartscenter.com/events/earth-wind-fire-tribute-band/.*

13

**FRIEDLAND VINING, P.A.**
(305) 777-1725 • (305) 456-4922 telecopier



*https://www.sandlercenter.org/events/detail/symphonicity-pops*



*https://www.bandsintown.com/e/104233770?affil_code=js_www.rjgriffith.com&app_id=js_www.rjgriffith.com&came_from=242&utm_campaign=event&utm_medium=web&utm_source=widget*



*https://www.eventbrite.com/e/the-earth-wind-fire-tribute-band-tickets-689683089687*. True and correct copies of webpages evidencing references to vocal and instruments groups that use the phrase "EARTH, WIND & FIRE" to identify their entertainment services to the consuming public are attached hereto as Composite <u>Exhibit A</u>.

17. On information and belief, multiple of these vocal and instruments groups that have been using the phrase "EARTH, WIND & FIRE" to identify their entertainment services to the consuming public have been doing so since before Substantial began using LEGACY REUNION OF EARTH, WIND & FIRE to identify its entertainment services to the public.

18. On information and belief, none of the third-party vocal and instrument groups that have been using the phrase "EARTH, WIND & FIRE" to identify their entertainment services to the consuming public are licensed by or associated with Plaintiff.

19. On information and belief, Counter-Defendant has taken no action to enforce its purported trademark rights against any of the third-party vocal and instrument groups that have been using the phrase "EARTH, WIND & FIRE" to identify their entertainment services to the consuming public. On further information and belief, the present civil action represents the first

**FRIEDLAND VINING, P.A.**
(305) 777-1725 • (305) 456-4922 telecopier

occasion on which Counter-Defendant has sought to enforce its registered trademarks against another party, notwithstanding that certain of the third-party vocal and instrument groups that have been using the phrase "EARTH, WIND & FIRE" to identify their entertainment services to the consuming public have been doing so since well before Counter-Plaintiffs.

20. Due to the unchecked third-party use of the phrase, Counter-Defendant has abandoned EARTH, WIND & FIRE, and EARTH, WIND & FIRE has lost its trademark significance as an indication of origin and does not convey to the public the identity of the source of the entertainment services identified by the mark.

21. Counter-Defendant's Registration No. 1,084,313 for EARTH, WIND & FIRE is subject to cancellation, pursuant to 15 U.S.C § 1119, in that the mark has been abandoned through non-enforcement against third parties and has, as a result, lost its significance as an indication of origin.

**PRAYER FOR RELIEF**

A. The phrase EARTH, WIND & FIRE has been abandoned through non-enforcement and has lost its trademark significance as an indication of origin. As a result, Registration No. 1,084,313 is invalid, unenforceable and should be cancelled;

B. This case is exceptional under 15 U.S.C. § 1117(a) and Counter-Plaintiffs are entitled to reimbursement of their reasonable attorneys' fees and costs incurred in connection therewith; and

C. Such further relief that this Court deems is appropriate.

DATED:  August 30, 2023          Respectfully submitted,

**FRIEDLAND VINING, P.A.**

/s/David K. Friedland
By:  **David K. Friedland**
Florida Bar No. 833479
Email:  dkf@friedlandvining.com
**Jaime Rich Vining**
Florida Bar No. 030932
Email:  jrv@friedlandvining.com
6619 South Dixie Highway, PMB 157
Miami, FL 33143
(305) 777-1725 – telephone
(305) 456-4922 – facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the above referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

David I. Greenbaum, Esq.
David.Greenbaum@rimonlaw.com
Mark S. Lee, Esq.
Mark.Lee@rimonlaw.com
RIMON, P.C.
333 SE 2nd Avenue, Suite 2000
Miami, FL 33131

*Service via CM/ECF*

s/David K. Friedland
David K. Friedland

17

**FRIEDLAND VINING, P.A.**
(305) 777-1725 • (305) 456-4922 telecopier